**Edward E. ANDERSON, Plaintiff—
Appellant,**

v.

**AMR, The Parent of American Airlines
Inc.; et al., Defendants—Appellees.**

No. 08–16586.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 9, 2009.*

Filed Oct. 14, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Frederick Christian Roesti, Law Office of Frederick C. Roesti, San Francisco, CA, for Plaintiff–Appellant.

Kenneth R. O'Brien, Esquire, Littler Mendelson PC, Sacramento, CA, Denise M. Visconti, Littler Mendelson, San Diego, CA, for Defendants–Appellees.

Before: RYMER and TASHIMA, Circuit Judges, and RESTANI,** Judge.

MEMORANDUM ***

Edward Anderson appeals the district court's order granting summary judgment in favor of AMR, the parent company of American Airlines, on his claims of age and race discrimination, retaliation, and negligent/intentional infliction of emotional distress under California law. We have jurisdiction, 28 U.S.C. §§ 1291 & 1332, and we affirm.

I

■ The district court did not abuse its discretion in refusing to consider Anderson's second untimely filed opposition to summary judgment. *See Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir.2007) ("District courts retain broad discretion to control their dockets...."); N.D. Cal. Local R. 7–3(a).

** The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Anderson provided no justification for why the opposition was filed late. Given that the district court *did accept* Anderson's first late filed opposition, it was well within its discretion to reject the second, so-called "amended" version.

## II

■ The district court did not err in granting summary judgment in favor of AMR on Anderson's age and race discrimination claims. Anderson provided no evidence to refute AMR's non-discriminatory explanation for its differential treatment of Anderson—namely, that he was the only non-contract skycap working at the airport and that he needed to work at a specific terminal for tracking purposes. *See Guz v. Bechtel Nat'l Inc.*, 24 Cal.4th 317, 100 Cal.Rptr.2d 352, 8 P.3d 1089, 1114 (2000). When Anderson first began working at the west end of the curbside check-in area, other skycaps who were older and were also African American were stationed at the more desirable east end. Moreover, Anderson testified in his deposition that no supervisor had ever given any indication that any condition of his employment was affected by his age or race. Because Anderson failed to refute AMR's nondiscriminatory explanation for its treatment of him, summary judgment was appropriate. *See id.* ("If the employer sustains this burden [of offering a legitimate, nondiscriminatory explanation for its treatment], the presumption of discrimination disappears.").

## III

■ Anderson's retaliation claim also fails. Assuming he did engage in protected activity, Anderson was still required to show an adverse employment action. *Flait v. N. Am. Watch Corp.*, 3 Cal. App.4th 467, 4 Cal.Rptr.2d 522, 528 (1992). Anderson was working the same shift at the same location on the curb well before he complained of the new $2 checked bag fee in 2005. There is also nothing in the record tending to show Anderson's complaints about his computer terminal first arose after implementation of the checked bag fee. In short, the conditions of Anderson's employment remained the same after he complained about the new checked bag fee, and thus summary judgment was appropriate because no adverse employment action was shown.

## IV

■ The district court did not err in granting summary judgment on Anderson's negligent infliction of emotional distress (NIED) claim because the actions he complains of were intentional, not negligent. California law does not allow an NIED claim to proceed in such circumstances. *See Semore v. Pool*, 217 Cal. App.3d 1087, 266 Cal.Rptr. 280, 291 (1990) ("[A]ny actions by the employer were intentional, not negligent. An employer's supervisory conduct is inherently intentional.") (internal quotation marks omitted). "The conduct alleged here does not support a cause of action for negligent infliction of emotional distress." *Id.*

## V

■ Finally, there was no error in granting summary judgment in favor of AMR on Anderon's intentional infliction of emotional distress (IIED) claim. An IIED plaintiff must show, among other things, "[e]xtreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress. . . ." *KOVR–TV, Inc. v. Superior Court*, 31 Cal.App.4th 1023, 37 Cal.Rptr.2d 431, 433 (1995) (internal quotation marks and citation omitted). "Generally, conduct will be found to be actionable where the recitation of the facts

to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!' " *Id.* (internal quotation marks and citation omitted). Anderson has made no showing that AMR's conduct was so egregious here.

**AFFIRMED.**